[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION TO COMPEL ARBITRATION
The plaintiff seeks an order directing the defendant to proceed with arbitration. It is undisputed that the arbitration process was initiated by the plaintiff and that the defendant participated to the extent that arbitrators were appointed and various hearing dates scheduled and cancelled by both parties prior to October 25, 1990. The matter was scheduled on October 25, 1990 when the defendant's attorney was notified on October 24, by telephone from the plaintiff's attorney's office that the hearing would not proceed the following day and that the plaintiff intended to withdraw the matter. The defendant promptly corresponded with the plaintiff on October 31, 1990 seeking to confirm from him that the reason the hearing was cancelled was that he intended to withdraw the matter. Receiving no reply to his correspondence of October 31, the defendant again wrote to the plaintiff's attorney on December 31, 1990 seeking the courtesy of a reply to his letter of October 31, and informing him that if he did not hear from him he would close his file. The defendant's attorney next heard from the plaintiff on August 27, 1991, when the plaintiff's attorney, because of a CT Page 2921 change in the existing law, attempted to notify the arbitrators previously appointed, to reschedule the arbitration hearing. The defendant refused to proceed with the arbitration and resists the plaintiff's motion to compel arbitration and now is relying on the doctrine of estoppel to thwart the plaintiff's attempt to renew the arbitration process. The defendant claims that he relied on the plaintiff's representation that he intended to withdraw the matter, to his detriment. The defendant argues that because of this reliance he did not, of his own accord, proceed with arbitration at a time when the state of the existing law favored his position — all to his detriment.
"Estoppel rests on the misleading conduct of one party to the prejudice of the other." Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 563. This court is unable to determine, without an evidentiary hearing, whether there exists the necessary factual basis to warrant the invocation of this doctrine. Whether the plaintiff's attorney intended to postpone the hearing or withdraw it or agree not to pursue it under any circumstances and whether the defendant was misled or should have been misled to his detriment are factual questions that this court cannot decide on the affidavits submitted and arguments of counsel. This defense will undoubtedly be asserted at both the arbitration hearing and at the hearing to confirm an award if the plaintiff is successful. The court will grant the plaintiff's motion to compel arbitration without prejudice to the defendant's rights to assert the defense of estoppel at arbitration and in future court proceedings if appropriate.
JOSEPH H. PELLEGRINO, JUDGE